CLEARVALUE, INC. and Richard Alan Haase, Plaintiff,

v.

PEARL RIVER POLYMERS, INC., Polychemie Inc., SNF Inc., Polydyne, Inc. and SNF Holding Company, Defendants.

Case No. 6:06–cv–197–RRR/LED.

United States District Court, E.D. Texas, Tyler Division.

April 5, 2010.

Richard Alan Haase, Missouri City, TX, Arnold Anderson (Andy) Vickery and Michael P. Mallia of Vickery Waldner & Mallia LLP, Houston, TX, for Plaintiff.

Andy Tindel of Provost Umphrey Law Firm, Tyler, TX, Harvey G. Brown, Jr. and Howard Louis Close of Wright Brown & Close, Houston, TX, Scott M. Daniels of Westerman Hattori Daniels & Adrian LLP, Washington, DC, for Defendants.

Bradley Wayne Hoover, Jacks C. Nickens, and Richard P. Keeton of Nickens Keeton Lawless Farrell & Flack, Houston, TX, for Movant, Attorney Gordon Gray Waggett.

## *ORDER*

RANDALL R. RADER, Circuit Judge (sitting by designation).

██ The undersigned has considered whether he must disqualify himself from this case. With great regret, the undersigned must disqualify himself under the Code of Conduct for United States Judges Canon 3C(1)(e).

On January 4, 2005, ClearValue, Inc. ("ClearValue") and Richard Alan Haase ("Haase") sued Defendants for patent infringement, misappropriation of trade secrets, breach of confidentiality, and unfair competition. On December 21, 2007, this court entered judgment against Plaintiffs and imposed sanctions for failing to produce highly relevant test results to Defendants. *ClearValue, Inc. v. Pearl River Polymers, Inc.*, No. 6:06–197, slip op. (E.D.Tex. Dec. 21, 2007). Plaintiffs filed an appeal to the U.S. Court of Appeals for the Federal Circuit. The Federal Circuit

**586**

panel presiding over the appeal did not include the undersigned. On March 24, 2009, the Federal Circuit affirmed-in-part, reversed-in-part, and remanded this case for further proceedings. *ClearValue, Inc. v. Pearl River Polymers, Inc.*, 560 F.3d 1291 (Fed.Cir.2009). On June 12, 2009, the Federal Circuit denied Plaintiffs' petition for rehearing and rehearing en banc. Thus, the Federal Circuit remanded this case to the Honorable Leonard J. Davis. On March 30, 2010, the Honorable Leonard J. Davis sought to accommodate the desire of the undersigned to entertain a trial in the U.S. District Court for the Eastern District of Texas by reassigning this case to him.

■ At that point, the undersigned confronted the questions presented by Canon 3C(1)(e) of the Code of Conduct for United States Judges. That provision states:

> (1) A judge *shall* disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:
>
> . . .
>
> (e) the judge has served in governmental employment and in that capacity *participated as a judge* (in a previous judicial position), counsel, advisor, or material witness *concerning the proceeding* or has expressed an opinion concerning the merits of the particular case in controversy.

CODE OF CONDUCT FOR U.S. JUDGES CANON 3C(1)(e) (2009) (emphases added). Canon 3C(1) requires a judge disqualification in the situation described in subsection (e). Specifically the Canon mandates that "[a] judge *shall* disqualify himself or herself." *Id.* If a judge meets the requirements for disqualification under Canon 3C(1), the judge enjoys no discretion to weigh the potential for any perception of impartiality. Instead, the Canon answers the question

by using "shall" to specify that disqualification is not optional. The Canon does not use the term "may." *See id.*

■ Canon 3C(1)(e) comes into play in this case because the undersigned previously "participated as a judge" in considering the petition for en banc review filed by the Plaintiffs at the Federal Circuit. The undersigned "served in governmental employment and in that capacity participated as a judge ... concerning the proceeding...." *Id.* Under Canon 3C(1)(e), the judge need not express an opinion concerning the merits of the particular case in controversy in order to meet the requirements for mandatory disqualification. The Canon requires only that he or she has "participated." *Id.* Because denying a petition for en banc review falls under Canon 3C(1)(e), the undersigned must disqualify himself from this case.

■ Under Canon 3D, the parties may remit some reasons for potential disqualification and thus cure the perception of impropriety. *Id.* Canon 3D. Disqualification under Canon 3C(1)(e), however, specifically falls outside the curative remedy of Canon 3D. The parties cannot remit disqualification based on earlier participation as a judge in the proceeding. Specifically, Canon 3D states:

> D. *Remittal of Disqualification.* Instead of withdrawing from the proceeding, a judge disqualified by Canon 3C(1) may, *except in the circumstances specifically set out in subsections (a) through (e)*, disclose on the record the basis of disqualification. The judge may participate in the proceeding if, after that disclosure, the parties and their lawyers have an opportunity to confer outside the presence of the judge, all agree in writing or on the record that the judge should not be disqualified, and the judge is then will-

ing to participate. The agreement should be incorporated in the record of the proceeding.

*Id.* (emphasis added). Because Canon 3D does not apply to the circumstances set out in Canon 3C(1)(e), the parties cannot remit the disqualification that arises in this case. Canon 3C(1)(e) requires the undersigned to disqualify himself from this case. Canon 3D does not permit the parties to cure that disqualification. Therefore, with great regret, this court, with apologies to the Eastern District and the parties (with whom he was looking forward to sharing this proceeding), must disqualify himself and withdraw from participation any further and at any future point in this case's course through the judicial process.

It is SO ORDERED.